NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3019

JAMES D. HILTS, SR.,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  August 16, 2006

_____

Before NEWMAN, MAYER, and BRYSON, <u>Circuit Judges</u>.

PER CURIAM.

James D. Hilts, Sr. petitions for review of the decision of the Merit Systems Control Board, Docket No. SF844E050152-I-1, affirming the decision of the Office of Personnel Management ("OPM") denying his request for disability retirement for untimely filing.  We <u>affirm</u> the decision of the Board.

Background

Mr. Hilts was separated from his civilian position with the Department of the Navy in 1997 when a base closure precipitated a reduction in force. In July, 2003, Mr. Hilts applied to OPM for a disability retirement. The agency noted that an application for disability retirement must be filed within one year of separation from federal service and denied the application as untimely filed. It notified Mr. Hilts that he could request reconsideration, but that request must be received by OPM within 30 days of the initial decision, in this case Nov. 24, 2003. He filed a request for reconsideration on Feb. 4, 2004, and provided no explanation for either late filing. By letter of March 10, 2004, the agency notified Mr. Hilts that his request for reconsideration was untimely filed and set forth the criteria for waiver of the time limit. The agency also informed him that his response must be received within 30 days of that letter. Mr. Hilts then submitted a 25 page letter from his psychologist, dated May 20, 2004, which summarized his medical and psychiatric history and current status. It ended with the evaluation:

> With all of his psychological and physical maladies it would seem very appropriate to conclude that this man is not able to meet deadlines. Rather it is highly suggestive that he is totally unable to act in a timely fashion. From all records and his own presentations, it can easily be seen that his ability to act in his own best interest is at least moderately, and much of the time, severely restricted.

OPM then issued its final decision, finding that Mr. Hilts' reconsideration request was untimely and he had not established his eligibility for waiver of the time limit.

Mr. Hilts appealed to the Board. In an initial decision of March 18, 2005, the Administrative Judge examined the psychologist's report as well as supplemental report,

and found that Mr. Hilts was indeed incapable of submitting a timely reconsideration request.  However, the AJ noted that Mr. Hilts had been represented by Mr. James Wright in his dealings with OPM, and the record did not support a conclusion that Mr. Hilts' condition in any way caused his representative to miss the filing deadline.  The AJ affirmed the agency action, the full Board declined review, and this appeal followed.

Discussion

It is not disputed that Mr. Hilts was represented by Mr. Wright throughout the proceedings below, and Mr. Wright received copies of all relevant notifications from the Agency.  Nor is it disputed that Mr. Wright failed to timely request reconsideration of the Agency's initial decision.  We have frequently stated that petitioners are bound by the actions of their representatives.  See, e.g., Azarkhish v. OPM, 915 F.2d 675 (Fed. Cir. 1990).  Thus Mr. Hilts must establish that his medical and psychological condition excuse Mr. Wright's failure to timely file for reconsideration as well as his own.

The Board concluded that the record did not support such a finding.  The only evidence addressing Mr. Wright's failure to file on time is a "Declaration of James Wright" dated April 22, 2005, stating that Mr. Hilts' delay in filing the application for reconsideration "was due to his inability to communicate with me, because of his medical conditions."  The declaration does not elaborate further or point to additional evidence supporting its allegation.

Although this declaration was filed after the Initial Decision was issued and is not part of the record in this case, we note that the AJ specifically addressed the question of Mr. Hilts' ability to communicate with his representative and found that, based on the

06-3019                                         3

psychological evaluations in the record, there was little or no impairment in Mr. Hilts' ability to communicate. We discern no error in that determination.

The decision of the Board is affirmed.